UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

QUINTIN IRVING BROWN,

    Petitioner,

v.                                         Case No. 2:13cv198

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

Before the Court is the Petitioner Quintin Irving Brown's ("Brown") Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 ("Petition"), ECF No. 1 and the Respondent's Motion to Dismiss ("the Motion"), ECF No. 10, to which Brown filed an opposition, ECF No. 14, and a supplemental opposition, ECF No. 19. The Motion was referred for disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned **DISMISSES** as moot Brown's pending motions for an enlargement of time and for leave to file supplemental petitions, ECF Nos. 16, 17, 18. For the following reasons discussed below, the undersigned finds Brown's claims are time-barred by the statute of limitations, and therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and Brown's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND[1]

On June 9, 2008, the Defendant was arrested for driving on a suspended operator's license, in violation of Va. Code § 46.2-301. He was originally convicted in the General District Court for the City of Chesapeake, and sentenced to one-hundred and eighty (180) days incarceration, of which one-hundred thirty (130) days was suspended, which meant Brown had fifty (50) days of active incarceration to serve, with one-year of probation. Brown appealed this decision to the Circuit Court for the City of Chesapeake, but Brown withdrew his appeal prior to trial on August 15, 2008, and the court imposed the sentence as previously stated, allowing Brown to serve the fifty (50) days of active incarceration on weekends (case number "CR08-3013"). On May 8, 2009, prior to the end of the one-year probation, Brown was arrested in the City of Portsmouth for two counts of forgery, two counts of uttering a forged check, and two counts of obtaining money by false pretenses. As a result, on October 9, 2009,[2] the trial court entered judgment that revoked Brown's probation and imposed the suspended sentence of one-hundred and thirty (130) days of incarceration (case number "CR08A-3013"). Brown did not directly appeal this sentence.[3]

---

[1] This section summarizes records received from the Circuit Court of the City of Chesapeake on August 2, 2013.

[2] The probation revocation hearing was held on October 9, 2009, but the Order imposing the suspended sentence of one-hundred and thirty days was entered on October 23, 2009 by the state court judge.

[3] However, just under a year later on July 23, 2010, in response to "undated motions" filed by Brown, the trial court entered an order denying Brown's request for a rehearing on whether or not to reconsider or modify the sentence in CR08A-3013, because "[t]here are no facts alleged to support a change in the case which warrants modification or reconsideration of the defendant's original sentence or which warrants a new hearing." Brown then initiated a string of appeals. Brown appealed the trial court's July 23, 2010 order to the Virginia Court of Appeals, which denied and dismissed his petition for appeal. *See Brown v. Commonwealth*, No. 1795-10-1 (Va. Ct. App. June 16, 2011); ECF No. 1 at 3-5. On March 23, 2012, almost a year later, the Virginia Court of Appeals denied another appeal from Brown, stating "[f]or the reason previously stated in the order entered by this Court on June 16, 2011, the petition for appeal in this case hereby is denied." *See Brown v. Commonwealth*, No. 1795-10-1 (Va. Ct. App. Mar. 23, 2012); ECF No. 1 at 7. The Virginia Supreme Court then refused Brown's petition for appeal from that decision, and dismissed his request for rehearing. ECF No. 1 at 8-9.

On October 6, 2010, Brown filed a state *habeas corpus* petition in the trial court, which was dismissed on February 3, 2011. Brown never appealed this decision to a higher state court. A week after the dismissal, on February 10, 2011, Brown filed three separate federal *habeas corpus* petitions pursuant to 28 U.S.C. § 2254 in this Court.[4] Only one of those petitions, *Brown v. Cherry*, 2:11cv85 ("the first federal *habeas* petition"), is relevant to the instant Petition, because in that previously filed petition, Brown challenged the same conviction and sentence as he does now. That first federal habeas petition was dismissed by this Court on May 11, 2011 for failure to exhaust state court remedies. 2:11cv85, ECF No. 8. Then, with the two other federal *habeas* petitions still pending, Brown filed another state *habeas* petition directly with the Virginia Supreme Court on October 11, 2011, which was originally denied on November 14, 2011, and then again upon a request for rehearing on March 8, 2012.

On May 25, 2012, Brown filed the instant Petition in this Court.[5] *See* ECF No. 1 at 53. Brown challenges the conviction and sentence imposed by the Chesapeake Circuit Court, case numbers CR08-3013 (the underlying driving while suspended conviction) and CR08A-3013 (the revocation of probation and imposition of the suspended sentence), as discussed above. Brown raises the following grounds in support of his petition:

(1) "Fifth, Ninth, and Fourteenth Amendment deprivations of 216 days of jailtime/work program credits applicable to Norfolk and Chesapeake sentences, and Virginia Beach pretrial detention." ECF No. 1 at 29.

---

[4] *See Brown v. Cherry*, 2:11cv83 (challenging an uttering conviction and two-years of active incarceration imposed by the Newport News Circuit Court on November 11, 2009); *see also Brown v. Young*, 2:11cv84 (challenging a forgery, uttering, and false pretenses conviction and four-years of active incarceration imposed by the Portsmouth Circuit Court on September 8, 2009); *Brown v. Cherry*, 2:11cv85 (challenging the revocation of probation and imposition of a suspended sentence of one-hundred and thirty days incarceration by the Chesapeake Circuit Court).

[5] The Court uses the date Brown placed the Petition in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

(2) "Sixth and Fourteenth Amendment rights to counsel were denied and deprived though requested twice on August 25, 2009." ECF No. 1 at 31.

(3) "Fifth, Ninth, and Fourteenth Amendment violation of protection against double jeopardy." ECF No. 1 at 33.

(4) "Fourteenth Amendment due process of law and equal protection of the laws violations imposing sentence after expiration of periods expired/fully served." ECF No. 1 at 35.

The Virginia Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, a Motion to Dismiss, a memorandum in support, and a Roseboro Notice. ECF Nos. 9-12. Brown filed an opposition to the Motion to Dismiss, ECF No. 14, and a supplemental opposition, ECF No. 19. The Respondent has not filed a reply brief, the time to do so has passed, and therefore, the Motion to Dismiss is ripe for disposition.

## II. PROCEDURAL ISSUES

### A. Statute of Limitations

The Court finds that the instant 28 U.S.C. § 2254 Petition was untimely filed and would dismiss the Petition on that basis alone. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations period for petitions filed pursuant to section 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). If a state prisoner does not directly appeal the state court judgment, the conviction becomes final on the date on which the time for filing such an appeal expires, which is governed by state law. *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). Under Virginia law, the conviction and sentence becomes final unless notice of appeal is filed within 30

days. Va. Sup. Ct. R. 5A:6(a).

However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). This tolling provision merely pauses the statute of limitations period in federal court; it does not reset the date from which the one-year limitations period begins to run. *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2002).

Here, even though Brown complains of the calculation of time-served credits based on multiple convictions and sentences from various jurisdictions throughout the instant petition, Brown challenges the original conviction from Chesapeake Circuit Court dated August 15, 2008 for driving while his license was suspended or revoked, third or more offense within ten years, and the resulting imposition of the suspended sentence from that conviction of one-hundred and thirty (130) days on October 9, 2009 for violating the terms and conditions of his probation. *See* ECF No. 1 at 1, ¶¶ 1-5 ("Criminal docket or case number (if you know): CR08-003013/CR08A-003013."). Brown did not directly appeal this sentence, *see supra* at 2 n.3, and therefore, it became final on November 9, 2009. *See* Va. Sup. Ct. R. 5A:6(a) (requiring appellants to file a notice of appeal with the trial court within thirty days from the entry of judgment). As an initial matter and without considering subsequent state *habeas corpus* filings, under 28 U.S.C. § 2244(d)(1), Brown had until November 9, 2010 to file the instant Petition with this Court.

However, on October 6, 2010, Brown filed a state *habeas* petition in the trial court. This paused the running of the statute of limitations. At this point, three-hundred and thirty-two days

5

had run towards the one-year limitation, meaning Brown only had thirty-three days left to file in federal court. Brown's state *habeas* petition was dismissed by the trial court on March 5, 2011, and he did not appeal to the Virginia Supreme Court, meaning that dismissal became final on April 5, 2011, at which point the statute of limitations in this Court started to run again. In other words, Brown had thirty-three days from April 5, 2011, or until May 8, 2011, to file his petition in this Court. Brown did not file a state *habeas* claim with the Virginia Supreme Court until October 11, 2011 – well after the statute of limitations ran on the filing of a petition in this Court under 28 U.S.C. § 2244(d)(1). However, Brown did file a 28 U.S.C. § 2254 petition with this Court on February 10, 2011. *See Brown v. Cherry*, 2:11cv85 ("the first federal *habeas* petition"). While this federal *habeas* petition was filed before the one-year statute of limitations period expired on May 8, 2011, it was filed prematurely, before Brown had presented his *habeas* claims to the Virginia Supreme Court. Therefore, this Court dismissed his first federal habeas petition without prejudice on May 11, 2011 for failure to exhaust state court remedies, a decision that Brown appealed to the U.S. Court of Appeals for the Fourth Circuit, which was ultimately dismissed and became final over a year later on June 7, 2012. *See* 2:11cv85, ECF No. 21.

As of that date, two important events had occurred. First, Brown filed the instant federal *habeas* petition on May 25, 2012. Second, as of June 7, 2012, the Virginia Supreme Court's dismissal of Brown's *habeas* petition originally filed on October 11, 2011 was final, after Brown did not petition the United States Supreme Court for a writ of *certiorari*. *See* Sup. Ct. R. 13:1. Assuming Brown presented the same claims to the Virginia Supreme Court as he does now, it would appear Brown now meets the exhaustion requirement.

However, under 28 U.S.C. § 2244(d)(2), the statute of limitations period to file a federal

*habeas* petition is tolled only during the pendency of state post-conviction proceedings, not federal. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible.") (emphasis in original). As discussed above, when the trial court's dismissal of Brown's state *habeas* became final on March 5, 2011, he only had thirty-three days, or until May 8, 2011, to file a federal petition in this Court. While Brown did, technically, file his first federal *habeas* petition within that time period on February 10, 2011, under *Duncan*, because this petition was filed before Brown exhausted his state remedies, it did not toll, or pause, the statute of limitations period. Brown could have tolled the statute of limitations period by appealing the trial court's dismissal of his state *habeas* petition, or by immediately filing another *habeas* petition directly with the Virginia Supreme Court. However, because Brown did not file another state *habeas* with the Virginia Supreme Court until October 11, 2011, the one-year statute of limitations period under 2244(d)(1) continued to run and expired after thirty-three days on May 8, 2011. Because his first federal *habeas* (2:11cv85) did not toll the statute of limitations period, Brown was over a year late when he filed the instant petition on May 25, 2012. *Accord Duncan*, 533 U.S. 167, 181-82. Accordingly, the Court would dismiss Brown's petition with prejudice on that basis alone.

### B. Equitable Tolling

Even though neither the Petitioner nor the Respondent addressed whether the instant Petition was filed within the one-year statute of limitations period under section 2244(d)(1), the statute of limitations is a threshold issue that must be addressed by the Court before the merits of

individual claims and before other procedural issues, such as exhaustion and procedural default, are addressed by the Court. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002); *see also Spencer v. White*, 265 F. Supp. 2d 813, 815 (E.D. Mich. 2003) (characterizing whether action barred by the statute of limitations as a "threshold question"); *accord United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001). Notwithstanding the Court's finding that the Petition was untimely filed, the Court still considers whether equitable tolling applies. Specifically, the issue becomes whether the one-year statute of limitations established by the AEDPA is subject to equitable tolling during the period between the date of filing an unexhausted petition in federal district court and the date of its dismissal by the district court without prejudice after the statute of limitations period has expired.

In general, the Fourth Circuit has proclaimed that the application of equitable tolling "be guarded and infrequent [and] reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own

conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. The Fourth Circuit has not expressly addressed the narrow equitable tolling issue now before the Court, but it has recognized Justice Stevens' concurrence in *Duncan* to suggest "that equitable might be appropriate based on the filing of a petition, albeit an improper petition containing unexhausted claims, within the time period," without expressly adopting such a rule. *Id.* at 252.

In this scenario, other circuits have permitted equitable tolling where a strict application of the rule in *Duncan* would have been inequitable. *See York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003); *see also Rodriguez v. Bennett*, 303 F.3d 435, 439 (2d Cir. 2002). The Ninth Circuit declined to permit such equitable tolling where the delay was not beyond the petitioner's control. *Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2001) ("By continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court," the petitioner ultimately was the cause of delay that made his second federal petition untimely). The general purpose of AEDPA is "to further the principles of comity, finality, and federalism." *Duncan*, 533 U.S. at 178 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). The exhaustion requirement "ensures that state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment," *id.* at 178-79 (citations omitted), while the one-year limitation period "quite plainly serves the well-recognized interest in the finality of state court judgments." *Id.* at 179.

Moreover, the Fourth Circuit has justified equitable tolling only in "extraordinary" circumstances, *Rouse* 339 F.3d at 246, and has found that a *pro se* petitioner's ignorance or unfamiliarity with the law and specifically, with the operation of statutes of limitation, did not

9

justify equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that such ignorance is not an extraordinary circumstance beyond the petitioner's control). Because the Court finds that no extraordinary circumstances existed that were beyond Brown's control or external to his own conduct that prevented him from filing on time, Brown is not entitled to equitable tolling, and the Court would therefore dismiss his petition.

Brown is currently incarcerated for a long list of convictions from 2008 and 2009. By this Court's count, including the instant Petition, Brown has filed six separate federal *habeas corpus* petitions pursuant to 28 U.S.C. § 2254 between 2011 and 2013, which standing alone demonstrates his familiarity with such petitions. *See Brown v. Cherry*, 2:11cv83 (dismissed January 4, 2012); *Brown v. Young*, 2:11cv84 (dismissed November 2, 2011); *Brown v. Cherry*, 2:11cv85 (dismissed May 11, 2011); *Brown v. Clarke*, 2:12cv654 (dismissed June 18, 2013); *Brown v. Clarke*, 2:13cv198 (instant Petition); *Brown v. Clarke*, 2:13cv283 (still pending). Moreover, for the underlying conviction at issue here, Petitioner waited over three-hundred and thirty-two days until he first filed a state *habeas corpus* petition, which should have been the first venue from which he sought relief. *Accord Duncan*, 533 U.S. at 178. Assuming Brown properly exhausted his state court remedies, he still would have only had slightly over one month to file a federal petition for that conviction. Because the Court finds no evidence of extraordinary circumstances that were beyond Brown's control or external to his own conduct that prevented him from filing on time, the Court finds that Brown is not entitled to equitable tolling, and would grant the Respondent's motion to dismiss on that basis alone.

### III. RECOMMENDATION

For these reasons, the undersigned finds Brown's claims are time-barred and, therefore,

**RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and Brown's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 25, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Quintin Irving Brown, #1146667
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870
*Pro se Petitioner*

Mr. James M. Issaacs, Jr.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
*Counsel for the Respondent*

_____
Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
November 25, 2013